# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENARD C. TRAPP,<br><br>              Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,.<br><br>              Defendants. | Civil Action No.: 16-cv-06014 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This matter is before the Court on a motion to dismiss brought on behalf of Defendants, the State of New Jersey and the Honorable Patricia Del Buono Cleary, P.J. Ch. (ECF No. 11).

I.

This case arises from Plaintiff's dissatisfaction with Mortgage Foreclosure proceedings that took place in state court. In brief, On April 5, 2013, a Mortgage Foreclosure Complaint, Docket No. F-011243-13, was filed by GDBT I Trust 2011-1 ("GDBT") in the Monmouth County Superior Court, Chancery Division, against Plaintiff Denard Trapp ("Trapp") regarding a property located in Monmouth County, NJ. (ECF No. 1 "Complaint" pg.1, 3). An order granting summary judgment in favor of GDBT was filed on November 21, 2013, by Judge Cleary - a named Defendant in this matter. (Def. Br. Ex. B). The action was then returned to the Office of Foreclosure to proceed uncontested. (Id. Ex. F).

On April 30, 2014, Trapp filed a complaint with this Court (Civil Action No. 3:14-cv-02746-PGS-DEA) seeking to quiet title with respect to the property that was the subject of GDBT's foreclosure. (Id. Ex. G). Thereafter, GDBT filed a motion to dismiss which was heard on March

1

26, 2015 and granted based on the *Rooker-Feldman* doctrine. (Id. Ex. D). An order issued on March 27, 2015, dismissed the matter with prejudice. (Id. Ex. E). The order was appealed to the Third Circuit which affirmed this Court's decision. (*See Trapp v. AMS Servicing LLC*, 616 F.App'x 46 (3d Cir. 2015).

Trapp filed a new complaint with this Court on September 26, 2015, against GDBT, arising from the same Superior Court foreclosure. Defendant filed a motion to dismiss which this Court granted on December 20, 2016. (Def. Br. Ex. I). Prior to disposition by this Court, on April 13, 2016, Judge Cleary heard oral argument on an "emergent application for stay of removal of applicant" filed by Trapp in the Superior Court foreclosure action. (Id. Ex. H). At the hearing, Trapp argued that GDBT "could not be the holder in due course of [his] mortgage because [. . . ] they are not licensed or registered to do business in the State of New Jersey." [Ex. H, 4:17]. He also argued that GDBT doesn't "have access to any [New Jersey] courts. So how could GDBT do any foreclosures, have any mortgages, or be the holding in good standing of [his] mortgage" [Ex. H, 5:4-7]. GDBT counsel did not respond to Trapp's argument. [Ex. H, 5:18].

Judge Cleary opinied,

> . . . this is at least the third time that Mr. Trapp has come here seeking to stay the eviction . . . . So I find that Mr. Trapp has had numerous opportunities to object to this judgment of foreclosure. He never asked for a reconsideration of the order granting summary judgment. His argument first time was standing. Then he has changed his argument. I find that there is no reason at this time to stay the eviction. I will deny the application.

Ex. H. (9:10-10:4).

Plaintiff filed this action on September 27, 2016, requesting review of the jurisdiction of the Superior Court of New Jersey, Monmouth Vicinage, with respect to the Superior Court mortgage foreclosure action. (Compl. pg. 1). Plaintiff also argues that Judge Cleary acted outside the scope of her authority and jurisdiction by allowing GDBT to use the courts of New Jersey. As

2

this Court understands it, Plaintiff alleges that by reviewing and deciding a case over which it had no jurisdiction, both the State and Judge Cleary violated his due process rights. (Compl. pg. 5). Though the property being foreclosed is located in Monmouth Court, Plaintiff argues that GDBT is not registered with the State of New Jersey, and does not do business in the state, which according to Plaintiff would deny GDBT access to any property in Monmouth County, in the State of New Jersey, also barring them from accessing the courts of New Jersey. (Id. pg. 3). Plaintiff raised the same argument at the hearing held on April 13, 2016 before Judge Cleary, at which time counsel for GDBT did not respond to the argument. Plaintiff contends that counsel's failure to reply, should be interpreted as "acquiescence" to the court's lack of jurisdiction. (Compl. pg. 4). Plaintiff argues that Judge Cleary should have dismissed this matter after hearing the attorney's failure to respond or rebut to Plaintiff's questions. (Id.). On May 26, 2017, Defendants filed a motion to dismiss arguing that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and that Judge Cleary is protected by Judicial Immunity. [ECF No. 11]. The motion is unopposed.

II.

First, the Court notes that Plaintiff is proceeding pro se, and for that reason "we construe his complaint in the way most favorable to him." *Carr v. Sharp*, 454 F.2d 271, 272 (3d Cir. 1971).

Next, we review Defendant's motion to dismiss pursuant to Rule 12(b)(1). Defendant argues that this claim is barred by the *Rooker-Feldman* Doctrine which prevents this Court from exercising subject matter jurisdiction over the case. This doctrine takes its name from two cases in which the Supreme Court has applied it to defeat federal subject-matter jurisdiction: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* is a "narrow doctrine" that "applies only in limited circumstances." *Lance v. Dennis*, 546 U.S. 459, 464-66 (2006).

3

"The Supreme Court held that the *Rooker-Feldman* doctrine is confined to 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Exxon Mobil*, 544 U.S. at 284. The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Great Western Mining & Mineral Co.*, 615 F.3d at 166 (citations omitted).

Plaintiff meets the first requirement because he lost in state court. There is also no dispute as to the timing of the judgment, as the complaint before this court was filed in September 2016, while the hearing took place in April 2016. Although Plaintiff is arguing a violation of his due process rights, he is ultimately inviting the District Court's review and rejection of the state court's judgment, with regards to the jurisdictional argument that he raised at the hearing before Judge Cleary and now raises again in front of this Court. Therefore, the *Rooker-Feldman* doctrine applies.

Additionally, Trapp's jurisdictional argument has no merit. Jurisdiction in foreclosure actions is vested primarily in the Superior Court of New Jersey. N.J.S.A. Const. of 1947, Art. VI, § 3, Para. 2. Since foreclosure is an equitable remedy, foreclosure actions are venued in the Chancery Division of the Superior Court. See N.J. Ct. R. 4:3-1(a)(1). Unlike most other kinds of

civil actions in which a plaintiff may have a choice of several counties in which to venue an action, venue in a foreclosure action must be laid in the county in which any affected property is situated. N.J. Ct. R. 4:3-2(a). Therefore, jurisdiction of the Superior Court of New Jersey, Chancery Division, Monmouth County, over this matter, appears to be proper. The Superior Court had jurisdiction over the matter by virtue of the property being located in Monmouth County, New Jersey.

Based on the above analysis, discussion of judicial immunity appears to be unnecessary at this time.

## ORDER

This matter, having been brought before the Court on Defendants, the State of New Jersey and the Honorable Patricia Del Buono Cleary, P.J. Ch. motion to dismiss [ECF No. 11], and the Court having considered the briefs and submissions of the parties;

IT IS on this __19__ day of December, 2017;

**ORDERED** that Defendants' motion to dismiss (ECF No. 11) is GRANTED and this matter is dismissed with prejudice.

The Clerk is directed to close this matter.

_____
PETER G. SHERIDAN, U.S.D.J.